IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KERRY BEGAY,

    Plaintiff,

v.                                                           Case No. 21-cv-1100 WJ-KBM

KEITH A. MANDELSKI,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff Kerry Begay's Amended Complaint (Doc. 7). Also before the Court is Defendant's Motion to Dismiss Plaintiff's prior complaint, which contains essentially the same claims as the amendment. *See* Docs. 6, 7. Plaintiff is incarcerated and proceeding *pro se*. He purports to raise criminal charges against the prosecutor in his state criminal case. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Amended Complaint with prejudice.

## BACKGROUND

    Plaintiff is incarcerated at the San Juan County Adult Detention Center. He initiated this case by filing a "criminal complaint against [Defendant] Keith A. Mandelski." *See* Doc. 1 at 1. Defendant is the prosecutor involved in Plaintiff's state criminal case. *Id.* The opening pleading alleges Defendant presented false evidence in state court. *Id.* By an Order entered January 13, 2022, the Court explained that Plaintiff lacks standing to successfully pursue a criminal complaint. *See* Doc. 2. The Order noted Plaintiff may file a civil complaint, and the Clerk's Office mailed Plaintiff a blank civil rights complaint.

Plaintiff returned the completed IFP Motion but not the civil rights complaint. Instead, he filed another "criminal complaint" against Defendant. *See* Doc. 3. The letter-pleading provides more detail about Defendant's alleged wrongdoing and states "I would like to proceed with criminal charges." Doc. 3 at 3. Defendant filed a Motion to Dismiss on April 8, 2022, arguing the claim requesting criminal charges fails as a matter of law. *See* Doc. 6.

In response, Plaintiff filed another pleading titled "Complaint." Doc. 7 (Amended Complaint). The Amended Complaint reiterates Plaintiff's allegations that Defendant provided false testimony and evidence. According to Plaintiff, Defendant "had [him] convicted and sentenced to four … years of incarceration" on February 7, 2022. Doc. 7 at 4. Plaintiff contends he is not a habitual offender, and such conviction constitutes malicious abuse of process. *Id.;* Doc. 12 at 2. Under the section titled "Relief," the Amended Complaint seeks state sentencing credit and asks the Court to "consider punishment criminal or what the Court believes to be necessary and just." *Id.* at 5.

After filing the Amended Complaint, Plaintiff also filed a response to Defendant's Motion to Dismiss along with notices containing various state criminal documents. *See* Doc. 11-15. The response alleges the conviction constitutes malicious abuse of process and that Defendant violated various constitutional rights in connection with the prosecution, including the right to trial by jury; to confront witnesses; to present evidence; to remain silent; and to appeal. *See* Doc. 12 at 2-3. The response requests leave to amend the complaint to consider new details and state documents. To the extent Plaintiff asks the consider to all record submissions to date, the request to amend is granted.

**STANDARDS GOVERNING INITIAL REVIEW**

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all inmate complaints that raise claims against government officials. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A. In other words, the plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and Fed. R. Civ. P. 12(b)(6)). Because Plaintiff is *pro se*, this test is applied more liberally, and his complaint is "held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Fed. R. Civ. P. 12(b)(6) and § 1915A do not apply to "criminal complaints" filed by *pro se* parties, as the law does not contemplate such filings, but the Court finds those authorities are instructive in the instant case.

**DISCUSSION**

Plaintiff's filings contain two specific requests for relief. His primarily goal is to file criminal charges against Defendant. The opening pleading and the first amendment were characterized as "criminal complaints." Docs. 1, 3. While the third pleading was titled "Complaint," the prayer for relief asks the Court "consider punishment criminal" rather than award damages or injunctive relief. Doc. 7 at 5. Plaintiff's criminal claims fail as a matter of law because "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

Although there is no request for civil relief, Plaintiff's more recent responses also reference malicious abuse of process and false imprisonment. The Court declines to construe his responses

3

to the Motion to Dismiss as raising a civil claim in this case. Plaintiff was specifically invited to file a civil rights complaint, but he repeatedly opted to file a "criminal complaint" and seek "punishment [that is] criminal." *See* Docs. 3; Doc. 7 at 5. Construing the Amended Complaint to raise civil claims for malicious abuse of process and false imprisonment would also be futile. Plaintiff's allegations are predicated on the theory that constitutional defects in his criminal prosecution warrant relief. Federal Courts cannot grant 42 U.S.C. § 1983 relief on a claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction or sentence. *See Heck v. Humphry*, 512 U.S. 477, 487 (1994); *Lawson v. Engleman,* 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (barring request for civil injunctive relief where the allegations addressing false arrest and imprisonment would clearly imply the invalidity of the underlying conviction). Finally, the Court notes that Plaintiff has not paid any portion of the civil filing fee and has not yet obtained leave to proceed *in forma pauperis*. Requiring Plaintiff to file a separate civil case - if he in fact seeks civil relief - will result in no prejudice under the *in forma pauperis* statute, 28 U.S.C. § 1915, with respect to the filing fee or three-strike provisions.

For these reasons, the Court will grant Defendant's Motion to Dismiss (Doc. 6), in part; dismiss the Amended Complaint with prejudice; and deny the IFP Motion (Doc. 4) as moot. Such ruling is limited to Plaintiff's request for criminal charges and has no impact on any civil claims. Plaintiff's best course of action going forward is to file a 28 U.S.C. § 2254 habeas petition, if he wishes to challenge his state criminal convictions and/or reduce his sentence.

**IT IS ORDERED** that Defendant's Motion to Dismiss Action (**Doc. 6**) is granted, in part, and Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 4**) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Civil Rights Complaint (**Doc. 7**),

which the Court construes as a request for criminal punishment, is **DISMISSED with prejudice**; and the Court will enter a separate judgment closing the civil case.

    **IT IS FINALLY ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a blank § 2254 petition.

    **SO ORDERED**.

    _____
    WILLIAM P. JOHNSON
    CHIEF UNITED STATES DISTRICT JUDGE